# 1048

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY PELOW, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Respondent.— Same decision and like cause of action as in companion case of *People ex rel. Hager* v. *Hunt* (*ante*, p. 1046), decided herewith. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY KASPEREK, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Respondent.— Same decision and like cause of action as in companion case of *People ex rel. Hager* v. *Hunt* (*ante*, p. 1046), decided herewith. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALPHONSE JERZYNIEC, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Respondent.— Same decision and like cause of action as in companion case of *People ex rel. Hager* v. *Hunt* (*ante*, p. 1046), decided herewith. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES CARR, Appellant, v. JOSEPH H. BROPHY, Esq., as Warden of Auburn State Prison, Auburn, New York, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of BENJAMIN B. KRYSTANIAK, an Attorney and Counselor at Law, Respondent.— Referee's report confirmed in accordance with the memorandum and order entered severely censuring respondent. Memorandum: The official referee heard testimony against the respondent on three charges. As to the first charge the official referee reports that the respondent retained and failed to turn over to his clients moneys received by him on their behalf in a real estate transaction. The evidence clearly supports this finding and it is not denied by the respondent and we sustain the same. The referee reports, however, that such moneys were repaid in full to respondent's clients during the pendency of these proceedings. As to the second charge the official referee recommends a dismissal and we adopt that recommendation. As to the third charge having to do with respondent's conduct in the matter of the bankruptcy of Steven J. Zywiczynski, the facts to support the charge are not clearly established by the evidence, and we, therefore, dismiss that charge. In view of mitigating circumstances and full restitution having been made the court is of the opinion that a severe censure is sufficient punishment. All concur. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

## (March 21, 1941.)

MARTHA DITTMER and Others, Respondents, v. JOHN M. JANKOWSKI, Individually and as Administrator, etc., of VICTORIA JANKOWSKI, Appellant, and HENRY JANKOWSKI, Defendant.— Judgment affirmed, without costs. All concur. (The judgment adjudges that a mortgage was discharged in an action to cancel a mortgage.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.